**IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN RE: | CASE NO. 11-04774 (EAG) |
| LAS LOMAS CONSTRUCTION, S.E., | |
| Debtor. | |
| | |
| LAS LOMAS CONSTRUCTION, S.E., | ADVERSARY NO. 12-00327 (EAG) |
| Plaintiff, | |
| v. | |
| PUERTO RICO HOUSING DEPARTMENT, | |
| Defendant. | FILED & ENTERED ON 04/04/2017 |

**OPINION AND ORDER**

Pending before the court is a motion to dismiss filed by the Puerto Rico Housing Department (the "PRHD"). (Adv. Dkt. No. 113.) For the reasons stated below, the motion is denied.

**I. Jurisdiction.**

This court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a), Local Civil Rule 83K(a), and the General Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of Puerto Rico, dated July 19, 1984 (Torruella, C.J.).[1] This is a core proceeding in accordance with 28 U.S.C. § 157(b).

---

[1] Unless otherwise indicated, the terms "Bankruptcy Code," "section" and "§" refer to Title 11 of the United States Code, 11 U.S.C. §§101-1532, as amended. All references to "Bankruptcy Rule" are to the Federal Rules of Bankruptcy Procedure, and all references to "Rule" are to the Federal Rules of Civil Procedure. All references to "Local Bankruptcy Rule" are to the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Puerto Rico. And all references to "Local Civil Rule" are to

## II.  Procedural History.

On June 2, 2011, Las Lomas Construction, S.E. filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  (Bankr. Dkt. No. 1.)  The debtor's amended plan, as supplemented, was confirmed in January 2014.  (Bankr. Dkt. Nos. 295, 337, 342, 348, & 349.)

Prior to that, on August 3, 2012, the debtor filed an adversary proceeding for the collection of money and breach of contract against the Puerto Rico Public Housing Authority, seeking to recover amounts owed on two construction projects.  (Adv. Dkt. No. 1.)  The debtor later amended the complaint to correctly identify the defendant as the Puerto Rico Housing Department.  (Adv. Dkt. No. 18.)  After a number of procedural delays, and after Las Lomas obtained new legal counsel, it amended the complaint a second time (the "amended complaint"), on March 3, 2016, to include additional allegations regarding a third construction project.  (Adv. Dkt. No. 106.)

In response, on May 27, 2016, the Puerto Rico Housing Department filed a motion to dismiss under Rule 12(b)(6).  (Adv. Dkt. No. 113.)  Las Lomas filed an opposition, and both parties have since replied.  (Adv. Dkt. Nos. 119, 125, & 128.)

## III.  Factual Allegations.

In October 2003, Las Lomas entered into a construction contract with the PRHD for the rehabilitation of a number of housing units in the La Luna Ward in Guanica, Puerto Rico.  (Id. at ¶ 13.)  The amended complaint asserts that Las Lomas substantially performed all of its obligations under the contract, but that a series of delays caused by the PRHD, together with a reduction in the scope of the project, resulted in damages to the debtor.  (Id. at ¶¶ 15-24.)

---

the Local Rules of Civil Practice of the United States District Court for the District of Puerto Rico.

Las Lomas seeks to collect payment of the 10% retainage and to recover for breach of contract. (Id. at ¶¶ 25-33.)

In December 2003, Las Lomas entered into two contracts with the PRHD for the construction of housing units in the Lavadero and Jaguitas Wards in Hormigueros, Puerto Rico. (Id. at ¶ 35.)  This project, too, was beset by delays and a reduction in the project's scope, which Las Lomas again attributes to the defendant. (Id. at ¶¶ 37-46.) And, likewise, Las Lomas seeks damages for both the collection of the amounts owed as well as for breach of contract. (Id. at ¶¶ 49-50.)

In October 2014, Las Lomas presented the PRHD with a proposal for a third construction project, this one in the El Tokio Ward in Lajas, Puerto Rico. (Id. at ¶ 57.)  Soon thereafter, a ceremony was held to lay the first stone, which Las Lomas attended as project manager. Id.  Before the contract was finalized, though, a dispute arose between the parties regarding the cost breakdown, and the PRHD ultimately selected a different bidder. (Id. at ¶ 58.) Las Lomas maintains that it should have been awarded the contract, pointing out that the winning bid was more expensive than its own proposal. (Id. at ¶ 58.)  Las Lomas seeks to recover damages for the costs it incurred during the bidding process, lost profits,  as well as for the reputational damages it suffered from losing the bid. (Id. at ¶¶ 60-65.)

**IV.  Legal Standard.**

Rule 8(a) requires a plaintiff to include in the complaint "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Failure to do so is grounds for dismissal under Rule 12(b)(6).  Fed. R. Civ. P. 12(b)(6).  In deciding such a motion, a court must take a two-step approach.  First, the court "isolate[s] and ignore[s]

3

statements in the complaint that simply offer legal labels and conclusions or merely rehash cause-of-action elements." Schatz v. Republican State Leadership Comm., 669 F.3d 50, 55 (1st Cir. 2012) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) and Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). Second, the court "take[s] the complaint's well-pled (i.e., non-conclusory, non-speculative) facts as true, drawing all reasonable inferences in the pleader's favor, and see[s] if they plausibly narrate a claim for relief." Id. "[D]etermining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense." Iqbal, 556 U.S. at 663-64. However, when evaluating the plausibility of a legal claim, a court may not "attempt to forecast a plaintiff's likelihood of success on the merits; 'a well-pleaded complaint may proceed even if . . . a recovery is very remote and unlikely.'" Ocasio-Hernandez v. Fortuño-Burset, 640 F.3d 1, 12-13 (1st Cir. 2011) (quoting Twombly, 550 U.S. at 556).

**V. Discussion.**

The PRHD argues that the adversary proceeding should be dismissed because the amended complaint does not allege that the parties ever executed a formal contract for the El Tokio project, as required under Puerto Rico law. (Adv. Dkt. No. 113 at pp.10-12.) However, the PRHD does not raise this argument, or any other, with regard to the other two projects. (Adv. Dkt. No. 113.)

As detailed by the defendant in its motion, Puerto Rico law requires any contract executed between a government entity and a private party to be in writing. See Adv. Dkt. No. 125-3, Las Marías Reference Laboratory Corp. v. Municipio de San Juan, __ P.R. Offic. Trans. __,

159 P.R. Dec. 868, 874n.7 (2003) ("in order to be binding, an agreement between a private party and a municipality must be set forth in writing, without exception.") (citing Fernández & Gutierrez v. Municipio de San Juan, 147 P.R. Dec. 824 (1999); Adv. Dkt. No. 125-2, Hatton v. Municipio de Ponce, __ P.R. Offic. Trans. __, 134 P.R. Dec. 1001, 1010 (1994).  The contract, in turn, must be registered and forwarded to the Office of the Controller. Id. at pp. 877-78.  Given the important public policy concerns at play, Puerto Rico courts have held that if these requirements are not met, the private party has no right to recover under contract law nor under any equitable theory of relief, such as unjust enrichment.  See Hatton, 134 P.R. Dec. at 1010-12.

Las Lomas does not contest the PRHD's recitation of the legal requirements for municipal contracts under Puerto Rico law and concedes that no formal contract was ever entered into in the El Tokio project, stating only that the opening ceremony "evidenced the de-facto agreement" between plaintiff and defendant.  (Adv. Dkt. No. 106 at ¶57; Adv. Dkt. No. 119 at p. 2.)  Instead, the debtor argues that the absence of a formal agreement in the El Tokio project has no bearing on its right to recover under the projects in the Luna, Lavadero, and Jaguitas Wards, which the amended complaint alleges had formal contracts.  (Adv. Dkt. No. 119 at p. 2; Adv. Dkt. No. 128 at pp. 1-2.)  The court agrees.  Even assuming that Las Lomas cannot recover under either count as to the El Tokio project, the amended complaint still sets out a plausible basis for relief as to the other projects under both the breach of contract and collection of money causes of action.  Nor would a partial dismissal of the amended complaint be appropriate in this case, since no count corresponds solely to the El Tokio project. Accordingly, the court denies the PRHD's motion under Rule 12(b)(6).

## VI. Conclusion.

In light of the foregoing, the court hereby DENIES the PRHD's motion to dismiss at docket number 113.

SO ORDERED.

In Ponce, Puerto Rico, this 4th day of April, 2017.

Edward A. Godoy
U.S. Bankruptcy Judge